IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PAUL RICHARDSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Cv. No. 2:18-cv-2754-JPM-tmp
Cr. No. 2:04-cr-20344-JPM-01

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 1) filed by Movant, Paul Richardson, Bureau of Prisons ("BOP") register number 19976-076, an inmate at the Federal Correctional Institution ("FCI Memphis") in Memphis, Tennessee; the Response of the United States of America (ECF No. 5); and Richardson's Reply (ECF No. 7). For the reasons stated below, Movant's § 2255 Motion is **DENIED**.

I.     BACKGROUND

    A.     Criminal Case No. 2:04-cr-20344-JPM-01

On August 17, 2004, a federal grand jury returned a one-count indictment, charging Movant Richardson with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). (Criminal ("Cr.") ECF No. 1.) On January 12, 2005, Movant pled guilty as charged, pursuant to a plea agreement. (Cr. ECF Nos. 30–31.) Prior to sentencing, Movant was notified

by the presentence report ("PSR") that he was potentially subject to an enhanced sentence under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4(b)(3)(A) as an Armed Career Criminal, based on three previous convictions for violent felonies. The qualifying convictions were: (1) a 1994 Tennessee state conviction for Criminal Attempt to Commit Aggravated Robbery; (2) a 1997 Tennessee state conviction for Reckless Endangerment; and (3) a 1998 Tennessee state conviction for Aggravated Robbery. (PSR ¶¶ 41–43.) On August 15, 2006, the Court sentenced Richardson to one hundred ninety-six (196) months in prison to be followed by a three-year period of supervised release. (Cr. ECF No. 59.) Judgment was entered on the same day. (Cr. ECF No. 60.) Richardson appealed. (Cr. ECF No. 63.) On July 31, 2007, the United States Court of Appeals for the Sixth Circuit affirmed Richardson's conviction and sentence. *United States v. Richardson*, No. 06-6076 (6th Cir. July 31, 2007).

On October 15, 2015, Richardson filed a § 2255 Motion, contending that he was entitled to relief under the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Richardson v. United States*, No. 2:15-cv-02694-JPM-tmp, ECF No. 1.) The United States conceded that *Johnson* was applicable to Richardson and requested that the Court grant the § 2255 Motion and resentence Richardson. (No. 2:15-cv-02694-JPM-tmp, ECF No. 7.) On December 7, 2015, the Court entered an Order granting the § 2255 Motion, vacating the judgment in Richardson's criminal case, and directing the Probation Office to prepare a supplemental PSR in preparation for resentencing. (No. 2:15-cv-02694-JPM-tmp, ECF No. 8.)

The resentencing proceedings were summarized by the Sixth Circuit during Richardson's second direct appeal:

> According to the presentence report, Richardson was transferred from federal to state custody in June 2005. In July 2009, the Shelby County Criminal Court (Tennessee) sentenced Richardson to eight years of imprisonment for

aggravated robbery and aggravated burglary, and one year of imprisonment for being a felon in possession of a firearm, in connection with an August 2003 offense. This latter sentence expired in July 2010 while Richardson was in state custody. In May 2011, the Tennessee court sentenced Richardson to twenty-five years of imprisonment for aggravated robbery, ten years for aggravated burglary, and six years for being a felon in possession of a firearm, to run consecutively to each other and to the federal sentence, in connection with a December 2003 offense. In September 2015, the state courts paroled Richardson to a federal detainer.

. . . .

The supplemental presentence report ("PSR") calculated Richardson's base offense level as 24. The probation officer treated both of the aforementioned state firearm offenses as relevant conduct, applied a four-level enhancement under § 2K2.1(b)(6)(B), and applied a three-level reduction for acceptance of responsibility, resulting in a total offense level of 25. With a criminal history category of VI, this would have resulted in a guidelines range of 110-137 months, with a statutory maximum of 120 months.

At the resentencing hearing, the probation officer noted the unaddressed potential applicability of § 5G1.3(b), and suggested that, if the state sentences were relevant conduct for the purposes of § 2K2.1(b)(6), then they were relevant conduct for the purposes of § 5G1.3(b). The district court decided to continue the hearing to resolve that issue and requested supplemental briefing.

At the second and third resentencing hearings, Richardson agreed with the government that the December 2003 offense was not relevant conduct, but argued that that August 2003 offense was relevant conduct under the "same course of conduct" test. Therefore, he argues, both § 2K2.1(b)(6)(B) and § 5G1.3 should apply, which would result in a four-level increase to his offense level, but a seventy-six month downward adjustment for time spent in custody for the state offenses. In support, Richardson provided an affidavit attesting that the August 2003 offense involved the same firearm as the federal offense, and that he habitually carried it for self-defense.

The government objected to the applicability of an enhancement for § 2K2.1(b)(6)(B), while arguing that the sentence should run consecutively to the state sentences, on the basis that neither state offense was relevant conduct under either the "common scheme or plan" test or the "same course of conduct" test. The probation officer filed an addendum to the PSR asserting that the August 2003 offense was relevant conduct under the "same course of conduct" test, and thus § 2K2.1((b)(6)(B) and § 5G1.3 were applicable.

> The district court found that Richardson's claims that the state and federal offenses involved the same firearm and that he habitually carried it for self-defense were not credible, and the state offenses were not relevant conduct. It applied neither § 2K2.1(b)(6)(B) nor § 5G1.3, and sentenced Richardson to a within-guidelines sentence of ninety-two months on imprisonment, to run consecutively to the state sentences.

(Cr. ECF No. 106.)

On appeal, Richardson contended that both state sentences were relevant conduct under both tests, and that the district court's conclusion to the contrary resulted in a procedurally and substantively unreasonable sentence. The Sixth Circuit determined that the district court did not err in its determinations that the state sentences were not related conduct and that the sentence imposed was reasonable. *United States v. Richardson*, No. 16-5402 (6th Cir. Aug. 31, 2017), *cert. denied*, No. 17-7728 (Feb. 19, 2018).

### B. Case Number 2:18-cv-02754-JPM-tmp

On October 26, 2018, Richardson filed this § 2255 motion alleging that:

(1) counsel provided ineffective assistance during resentencing by "failing to object" to the "unreasonable amount of weight" the Court attributed to Richardson's criminal history (ECF No. 1 at PageID 4);

(2) counsel provided ineffective assistance by failing to object to and "investigate [R]ichardson[']s [p]rior [constitutionally invalid] convictions" (*id.* at PageID 5);

(3) the Court violated Fed. R. Crim. P. 32(i)(1)(A) "by failing to verify that Richardson and his attorney read and discussed the P[SR]" (*id.* at PageID 7); and

(4) the Court erred in its assessment of the number of criminal history points (*id.* at PageID 8; ECF No. 1-1 at PageID 25).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255(a),

4

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Grant*, 72 F.3d at 506.

Even constitutional claims that could have been raised on direct appeal, but were not, will be barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise those issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 698–99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v.*

*United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).  Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence." *Bousley*, 523 U.S. at 622.

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").  "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  *Id.*  The movant is entitled to reply to the Government's response.  Rule 5(d), Section 2255 Rules.  The Court may also direct the parties to provide additional information relating to the motion.  Rule 7, Section 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'"  *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)).  "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"  *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).  Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his or her recollection of the prior case.  *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner.  In some cases, the judge's recollection of the events at issue may

enable him summarily to dismiss a § 2255 motion . . . ."). Defendant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. [*Strickland*, 466 U.S.] at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[1] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S. Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S. Ct. 2052.

*Richter*, 562 U.S. at 104; *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the

---

[1] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citing *Strickland*, 466 U.S. at 694)).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

> An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S. Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S. Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S. Ct. 2052.

*Richter*, 562 U.S. at 105.

### III. ANALYSIS

Richardson has not met the prejudice prong for his two claims of ineffective assistance because he does not allege that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). He seeks resentencing. (ECF No. 1 at PageID 13.)

A.     Issue One

Richardson contends that counsel provided ineffective assistance by "failing to object to the trial court[']s abuse of [d]iscretion by giving an unreasonable amount of weight to a perti[n]ent factor i.e. [R]ichardson[']s criminal history, while the record reflects that the court was considering that factor all along." (ECF No. 1 at PageID 4; ECF No. 1-1 at PageID 15–17.) The United States responds that "Richardson cannot establish that an objection by counsel to the weight given by the Court to Richardson's criminal history" would have resulted in a lesser sentence. (ECF No. 5 at PageID 54–55.)

*Strickland*'s two-part test applies to claims that counsel was ineffective at sentencing. *See Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007). To meet the prejudice prong in the sentencing context, a petitioner must show a reasonable probability that, but for counsel's deficient performance, he would have received a lower sentence. *Id.* (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

In formulating Richardson's sentence, the Court considered Richardson's criminal conduct in the instant offense, Richardson's criminal history, and Richardson's conduct in prison (no disciplinaries and participation in drug and pre-GED education classes). (Cr. ECF No. 102 at PageID 341–47.) The Court advised Richardson that:

> the sentence still has to focus on the illegal conduct and the sentence needs to be sufficient to provide for just punishment for the offense. . . . [W]e know that possession of a firearm is strongly believed by many, many people, including the United States Congress, to contribute to the level of violence in the United States and that's in the policy statement about why we have the statute which says individuals with prior convictions or with convictions cannot possess a firearm. So, we know it's serious. We know we're expected to impose a substantial penalty.

(*Id.* at PageID 351.) (emphasis added.) The Court considered three factors to determine "just punishment": promoting respect for the law, deterrence, and protecting the public from further

crime." (*Id.* at PageID 351–52.)  The Court looked at the statutory sentence, the guidelines range of 110-120 months, and the need to avoid sentencing disparity.  (*Id.* at PageID 355–56.)  The Court noted that Richardson had some positive past employment history.  (*Id.* at PageID 358.)  The Court sentenced Richardson to 115 months in prison.  (*Id.* at PageID 360.)

On appeal, Richardson contended that the 115-month sentence was unreasonable.  (Cr. ECF No. 106 at PageID 383.)  The Sixth Circuit opined:

> But the record shows that the district court specifically discussed Richardson's criminal history and personal circumstances, and the need to "promote respect for the law," "deter others," and "protect the public."  This was sufficient to meet the requirements of § 3553(a).  Richardson does not overcome the presumption of reasonableness.

(*Id.* at PageID 386.)

Contrary to Richardson's allegation, the Court did not give undue weight to Richardson's past criminal history in determining the appropriate sentence.  The Court considered all pertinent sentencing factors.  Richardson has failed to establish a reasonable probability that, if his attorney had taken any different action, Richardson would have received a lower sentence.  Richardson has failed to demonstrate deficient performance or prejudice.  Issue One is without merit and is **DENIED**.

### B. Issue Two

Richardson contends that counsel performed deficiently "by failing to object to[] and investigate [R]ichardson[']s [p]rior [constitutionally invalid] convictions."  (ECF No. 1 at PageID 5; ECF No. 1-1 at PageID 17–23.)  Richardson alleges that his 1993 conviction for sale of under one-half ounce of cocaine (Supplemental PSR ¶ 44) and his 1994 conviction for criminal attempt to commit aggravated robbery (*id.* ¶ 47) were "used . . . to enhance his

sentence" and "are illegal" (ECF No. 1-1 at PageID 18).  The United States responds that this claim does not meet the *Strickland* standard.  (ECF No. 5 at PageID 56.)

The record and Supplemental PSR establish that Richardson did not receive an enhanced sentence at resentencing.  (Cr. ECF Nos. 100–02; Supplemental PSR.)  No Chapter Four enhancements were applied in the calculation of Richardson's offense level and applicable guidelines range.  (*Id.*)

Counsel's options to attack the prior offenses at resentencing were limited.  As a general matter, a "federal defendant has no right to collaterally attack at sentencing a prior conviction," except for complete lack of counsel.  *Custis v. United States*, 511 U.S. 485, 497 (1994); *see also Daniels v. United States*, 532 U.S. 374, 379 (2001) (holding that a petition cannot attack prior convictions in a § 2255 proceeding).  A defendant may be able to challenge his or her prior convictions as void under recent state law decisions through state channels for seeking post-conviction relief; however, attempting to do so during sentencing for unrelated crimes in federal court is an impermissible collateral attack.  *United States v. Aguilar-Diaz*, 626 F.3d 265, 269–70 (6th Cir. 2010).

Richardson contends that he wanted counsel to object that his 1993 conviction for sale of under one-half ounce of cocaine was not a serious drug offense (Supplemental PSR ¶ 44) and that his 1994 conviction for criminal attempt to commit aggravated robbery (*id.* ¶ 47) was not a violent felony under the ACCA (ECF No. 1-1 at PageID 21).  Richardson's sentence was not enhanced, and he was not resentenced under the ACCA.  He has provided no record that establishes that the convictions were "illegal" or that counsel had any basis for objecting to the use of the convictions in the calculation of his criminal history score.  Richardson has not provided any fact supporting any valid objection against the use of any conviction to calculate

11

his criminal history score.  As set forth above, the criminal history category was accurately calculated.  Counsel is not ineffective by failing to file frivolous motions or raise frivolous objections.  Issue Two is without merit and is **DENIED**.

    **C.**    **Issues Three and Four**

Richardson alleges that the Court violated Fed. R. Crim. P. 32(i)(1)(A) "by failing to verify that Richardson and his attorney read and discussed the P[SR]" (Issue Three) and that the Court erred in its assessment of the number of criminal history points (Issue Four).  (ECF No. 1 at PageID 7–8; ECF No. 1-1 at PageID 25.)  The United States responds that these issues are waived and procedurally defaulted.  (ECF No. 5 at PageID 56–57.)

Richardson has procedurally defaulted Issues Three and Four.  A movant is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, if no contemporaneous objection was made and if the claim was not presented on direct appeal.  *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).  Where a movant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if he first demonstrates cause for the default and prejudice.  *Bousley*, 523 U.S. at 622.  Richardson makes no claim of actual innocence in this case.  Issues Three and Four are barred by procedural default and are **DENIED**.

## IV. CONCLUSION

The Motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Richardson's conviction and sentence are valid and, therefore, his motion is **DENIED**. Judgment shall be entered for the United States.

## V. APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2)–(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337). In this case, for the reasons previously stated, Movant's claims lack substantive merit and are barred by procedural default. He cannot present a question of substance about which reasonable jurists could differ. The Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)–(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 & 1917, the prisoner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913 & 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a)(4)–(5)).

**IT IS SO ORDERED,** this 21st day of December 2021.

/s/ Jon P. McCalla
JON PHIPPS MCCALA
UNITED STATES DISTRICT JUDGE